

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-369-11 & 370-11

**THE STATE OF TEXAS**

**v.**

**JOSHUA HILD & CALEB HILD, Appellees**

### ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

*Per curiam.*

### O P I N I O N

Appellees were charged with murder. Three days before trial, the prosecutor turned over to defense counsel a DVD recording in which Frank Garcia, a jail inmate, set forth what one of the Appellees told him about the offense. Appellees filed a motion for continuance, which the trial court denied. They then requested that the court suppress Garcia's statement

and strike him as a witness. The trial court granted this request.

The State appealed pursuant to Art. 44.01(a)(5) of the Texas Code of Criminal Procedure. Pursuant to that statute, the notice of appeal contained the prosecutor's certification that the evidence suppressed was "of substantial importance in the case." The Court of Appeals assumed without deciding that the trial court's ruling was erroneous. State v. Hild, Nos. 13–09-00556-CR & 13-09-00557-CR (Corpus Christi, November 18, 2010) (not designated for publication). It found no reversible error, however, since the content of Garcia's statement was not in the record. Texas Rule of Appellate Procedure 44.2(b).

The State filed petitions for discretionary review arguing that the Court of Appeals failed to consider its certification pursuant to Art. 44.01(a)(5). We recently held in Chupik v. State, __ S.W.3d __ (No. PD-0960-10, Tex. Crim. App. June 15, 2011), that when the State appeals from a pretrial order granting a motion to suppress, there is no need for the record to reflect the evidence that was suppressed. Instead, it is sufficient that the prosecuting attorney certifies that the suppressed evidence is of substantial importance in the case.

The Court of Appeals did not have the benefit of Chupik when it decided this case. Accordingly, we grant the State's petitions for discretionary review, vacate the judgments of the Court of Appeals, and remand these cases to the Court of Appeals in light of Chupik.

DATE DELIVERED: August 24, 2011
DO NOT PUBLISH